AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California ▾

| | |
|---|---|
| United States of America<br>v.<br>Luke Martin McGreal<br><br>*Defendant(s)* | Case No. 1:25-cr-00175-SAB |

FILED
Sep 02, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __09/01/2025__ in the county of __Tulare__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 113 (a)(4). | Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than 1 year, or both. |
| 18 USC 113 (a)(5). | Simple assault, by a fine under this title or imprisonment for not more than six months, or both. |
| 36 CFR 2.34 (a) (1). | Disorderly Conduct, The Following are prohibited: Engaging in fighting, threatening, or violent behavior. |

This criminal complaint is based on these facts:

See affidavit of USPR John E. Heath, attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John E. Heath, Park Ranger
*Printed name and title*

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

Date: **Sep 2, 2025**

_____
*Judge's signature*

City and state:  Fresno, California

Hon. Stanley A. Boone, U.S. Magistrate Judge
*Printed name and title*

ERIC GRANT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
MISDEMEANOR UNIT
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff, | Case No. |
| v. | AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT |
| Luke McGreal, | |
| Defendant. | |

I, John Heath, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I, John Heath, am presently employed as a United States Park Ranger (USPR) with the United States National Park Service (NPS), where I have worked since January 2024. Prior to my tenure as a USPR, I served as Police Officer with the Hoover Police Department in Hoover, Alabama for approximately 8 months. I am currently a sworn law enforcement officer with the NPS at Sequoia National Park.

2. During my tenure with the NPS, I have completed approximately 700 hours of instruction at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC). Additionally, I have completed approximately 560 hours of instruction at the Northeast Alabama Law Enforcement

Academy in Anniston, Alabama. I also earned a Bachelor's Degree in Criminal Justice from Faulkner University in Montgomery, Alabama.

3. As a USPR, my duties include investigating federal crimes in the Eastern District of California, including assault, disorderly conduct, under the influence of alcohol, and domestic violence. While performing those duties, I have responded to, investigated and assisted in investigating over a dozen violations of federal criminal statutes and regulations, including but not limited to domestic violence, assault, disorderly conduct, threatening behavior, creating a hazardous condition, and under the influence of alcohol.

4. I am a "law enforcement officer (LEO)" of the United States within the meaning of that term contained at 18 U.S.C. § 2510(7) who is empowered by law to conduct investigations of, and to initiate arrests for, various offenses that occur on or affect NPS lands.

5. I provide this affidavit based on my experience and training as a National Park Service Ranger in the Eastern District of California, my personal knowledge and observations, and information conveyed to me by others, including National Park Service staff. The information in this affidavit is provided for the limited purpose of establishing probable cause. The information is not a complete statement of all the facts related to the case.

### Jurisdiction

6. The facts in support of this affidavit occurred within Sequoia National Park in the State and Eastern District of California. Sequoia National Park is an area of federally owned public land administered by the National Park Service. Sequoia National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3); and by Title 16 U.S.C. § 57.

### Probable Cause

**Count 1:** 18 U.S.C § 113 (a)(4) – Assault by striking, beating, or wounding.

7. On September 1, 2025, at approximately 0244 hours, I was notified via government-issued cell phone by the Sequoia National Park Emergency Communications Center (SNPECC) regarding a reported domestic violence incident at Lodgepole Campground, site number 68, in Sequoia

National Park. Upon arriving at the scene, I made my way to campsite 68 where the domestic violence incident was reported to take place.

8. I contacted USPR Guglielmo when I arrived at the campsite who was first on scene. USPR Guglielmo informed me that he received multiple witness reports that they saw or heard a domestic violence incident. USPR Guglielmo stated the suspect and victim were currently in their tent. USPR Torres and I approached the tent where we announced that we were police and asked the occupants to exit the tent. The suspect later, identified by his vehicle license plate as LUKE MCGREAL, told us that he was trying to sleep and to go away. MCGREAL continued to tell us to leave. MCGREAL also had two dogs barking and growling during the encounter. We asked the victim if she was ok and MCGREAL replied "Don't talk" to the victim later identified as A.H. I told MCGREAL not to interfere. MCGREAL replied, "I was talking to my dog she's a female too." We were unable to see into the tent due to the rain fly being installed on the top of the tent and could not confirm if a female was in the tent. USPR Torres and I removed the rain fly and saw MCGREAL, A.H., and two dogs in the tent.

9. USPR Guglielmo directed A.H. to exit the tent, and she complied. USPR Guglielmo removed A.H. to a safe distance from the tent and interviewed her about the incident.

10. USPR Torres and I remained at the tent and attempted to deescalate the situation while ordering MCGREAL out of the tent. MCGREAL did not comply with our orders to exit the tent. MCGREAL stated that he could not exit because his dogs were vicious.

11. USPR Krupp and USPR Prosser arrived on scene to assist with the incident. After continued communication, MCGREAL finally agreed to exit the tent. MCGREAL exited the tent with the larger of his two dogs and tied it to a post. MCGREAL was detained for suspicion of committing domestic violence and disorderly conduct. I conducted a frisk for weapons of MCGREAL, and the frisk was negative. MCGREAL was placed into the rear compartment of USPR Torres vehicle.

12. USPR Guglielmo completed his interview of A.H. and had her seen by EMS personnel on scene. A.H. had a contusion to her left eye from the incident. A.H. told USPR Guglielmo that MCGREAL did not hit her and that she fell.

13. USPR Guglielmo also obtained eight voluntary witness statements from campers in the immediate area that witnessed the incident.

14. Witness 1 stated that he/she observed MCGREAL and A.H. argue and then observed MCGREAL punch A.H. in the face. A.H. fell to the ground and yelled as she lay on the ground. Witness 1 further stated MCGREAL got in the car and started to back up. A.H. yelled, "you ran over my arm." Witness 1 also provided an audio recording of the incident to USPR Guglielmo.

15. Witness 2 stated that he/she woke up around 2 a.m. to the sound of yelling from a nearby campsite. Witness 2 further stated that after a few minutes the female voice said are you gonna punch me, and a striking sound followed." Witness 2 also stated that MCGREAL threatened Witness 2 to turn our lights off and go back to our camp or else he would have his dog attack Witness 2.

16. Witness 3 stated that he heard MCGREAL yell at A.H. and threaten her to get inside the tent. Witness 3 also stated that A.H. yelled out that MCGREAL had "busted her lip, busted her eye and hurt her."

17. Based on those facts, and my training and experience, I believe there is probable cause that MCGREAL engaged in assault by striking, beating or wounding in violation of 18 U.S.C. § 113 (a)(4).

**Count 2:**     18 U.S.C. § 113 (a)(5) – Simple Assault

18. The facts stated in Count 1 are fully incorporated herein. Based on those facts, and my training and experience, I believe there is probable cause that MCGREAL engaged in simple assault in violation of 18 U.S.C. § 113(a)(5).

**Count 3:**     36 C.F.R § 2.34 (a)(1) – Engages in fighting or threatening, or in violent behavior.

19. The facts stated in Count 1 are fully incorporated herein. Based on those facts, and my training and experience, I believe there is probable cause that MCGREAL engaged in fighting, threatening and violent behavior in violation of 36 C.F.R. § 2.34(a)(1).

_____
John Heath, Park Ranger
Sequoia/Kings Canyon National Park

Attested to by the applicant in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by telephone on __**Sep 2, 2025**_____.

_____
HON. STANLEY A. BOONE
United States Magistrate Judge

Reviewed as to form:

/s/ Jeffrey A. Spivak
Jeffrey A. Spivak
Assistant United States Attorney